# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ZACH HILLESHEIM,<br><br>Plaintiff,<br><br>vs.<br><br>BALANCE POINT PROPERTIES, LLC,<br><br>Defendant. | 8:17CV144<br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the Court on defendant Balance Point Properties, LLC's ("Balance Point") Motion to Dismiss the First Amended Complaint (Filing No. 18) with prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff Zach Hillesheim ("Hillesheim") has filed a Brief in Opposition (Filing No. 21) to the Motion. For the reasons set forth below, the Court denies Balance Point's Motion to Dismiss.

## I.   BACKGROUND

On February 12, 2017, Hillesheim attempted to patronize a multi-tenant commercial building located at 7222 South 142nd Street in Omaha. The commercial building holds several tenant businesses, including Mobility Motoring which specializes in mobility solutions for handicapped drivers and passengers. After noticing Mobility Motoring from a nearby restaurant, Hillesheim, who is paralyzed below the waist and uses a wheelchair for mobility, became interested in visiting due to his upcoming move to Omaha. Hillesheim foresaw himself needing to use Mobility Motoring's services to perform work on his car, which contains modifications that assist him in driving, and to rent a vehicle with mobility enhancements. When Hillesheim arrived at Mobility Motoring he observed approximately sixty-nine parking spaces in the customer parking lot, six of which were reserved as accessible parking spaces through paint on the ground.

Hillesheim contends none of these parking spaces were located near Mobility Motoring's accessible entrance leaving Hillesheim unable to access the business. Mobility Motoring was closed that day, thus, Hillesheim would have been unable to patronize even if sufficient accessible parking had been provided.

On April 25, 2017, Hillesheim filed a Complaint (Filing No. 1) against Balance Point claiming discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 14 U.S.C. § 12101. Balance Point subsequently filed a Motion to Dismiss (Filing No. 8), asserting this Court lacks subject matter jurisdiction because Hillesheim does not have standing. On July 12, 2017, pursuant to Federal Rule of Civil Procedure 15(a)(1), Hillesheim filed his First Amended Complaint (Filing No. 16) to reflect his move to Omaha. In this First Amended Complaint, Hillesheim states he now lives in an apartment approximately fifteen miles from Balance Point's property and intends to return to the property to learn about and use the services of Mobility Motoring. Hillesheim further alleges he frequently travels nearby Mobility Motoring but remains unable to patronize due to architectural barriers. Balance Point moved to dismiss Hillesheim's First Amended Complaint.

## II.   DISCUSSION

For a court to "dismiss [a case] for lack of subject matter jurisdiction [based on lack of standing] under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, all the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* When a defendant brings a factual attack, "the court considers matters outside the pleadings . . . and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Balance Point only brings a factual challenge to Hillesheim's standing. As such, the Court may

consider matters outside the pleadings when deciding this issue, and does not presume Hillesheim's factual allegations are true. *Id.*

Title III of the ADA proscribes discrimination in public places against persons with disabilities. 42 U.S.C. § 12182(a). Included in the definition of discrimination is the "failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable." *Id.* at § 12182(b)(2)(A)(iv). Pursuant to the ADA, "any person who is being subjected to discrimination on the basis of disability" may bring an action for injunctive relief. *Id.* at § 12188(a)(1). Hillesheim alleges he was subjected to discrimination on the basis of his disability because Balance Point did not provide sufficient accessible parking near Mobility Motoring. He further alleges he was unable to patronize the business due to this lack of accessible parking.

To bring such a claim Hillesheim must have standing. *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (explaining the case and controversy requirement in Article III, § 2, of the United States Constitution makes "standing to sue the threshold question in every federal case." (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975))). The Supreme Court has identified three requirements a plaintiff must meet to establish standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* (internal quotations omitted).

Balance Point argues Hillesheim's First Amended Complaint fails to allege an injury-in-fact. Balance Point urges the Court to apply the four-factor "likelihood of return" test delineated in *Brown v. Grandmother's Inc.*, No 4:09-CV-3088, 2010 WL

3

611002, at *6 (D. Neb. Feb. 17, 2010). For the reasons set forth below, under both the traditional standing analysis and the four factor "likelihood of return test" Hillesheim has alleged sufficient facts to establish standing.

### A. Injury-in-Fact

"An injury-in-fact is a harm that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Steger*, 228 F.3d at 892 (quoting *Lujan*, 504 U.S. at 560-61). A plaintiff seeking an injunction must establish that he or she "sustained or is immediately in danger of sustaining some direct injury as a result of the challenged . . . conduct and [that] the injury or threat of injury [is] both real and immediate." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). A plaintiff must "at least prove knowledge of . . . [architectural barriers] and that they would visit the building in the imminent future but for those barriers." *Steger*, 228 F.3d at 892; *see also Lujan*, 504 U.S. at 564 (stating an intention to return "someday" is insufficient). Hillesheim has shown he had more than an intention of returning someday. In his original Complaint Hillesheim indicated he planned on moving to Omaha.

Moreover, a plaintiff "need not engage in the 'futile gesture' of visiting a building containing known barriers that the owner has no intention of remedy." *Steger*, 228 F.3d at 892 (citing 42 U.S.C. § 12188(a)(1)). While dining at a nearby restaurant on February 12, 2017, Hillesheim noticed Mobility Motoring and decided to visit the business that same day. Upon arrival, Hillesheim discovered the business had no nearby accessible parking spaces, and thus, was unable to access it. To this point, Balance Point argues that, even if accessible parking had been provided, Hillesheim would have been unable to patronize Mobility Motoring on February 12th because it was closed that day. However, this does not change the fact Hillesheim was rendered unable to access the business due to architectural barriers. Further, Balance Point has not alleged any facts suggesting it intends to remedy the lack of accessible parking spaces, thus, Hillesheim

4

need not continue visiting the premises to establish an injury-in-fact. Hillesheim has provided sufficient evidence to establish standing under *Lujan*.

### B. "Likelihood of Return" Test

The Court next turns to the "likelihood of return" test put forth by Balance Point. This test requires the Court to look at four separate factors which include:

> (1) The proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) plaintiff's frequency of travel near defendant.

*Brown,* 2010 WL 611002, at *6 (D. Neb. Feb. 17, 2010). Applying these factors to Hillesheim's case, Hillesheim has established standing under this test as well.

#### 1. Proximity

At the time Hillesheim filed suit, he resided in Nicollet, Minnesota. Balance Point's business is located in Omaha, Nebraska. The distance between the two is approximately three-hundred miles. Balance Point argues, in part, this distance supports the point that Hillesheim has failed to establish injury-in-fact. One court has held, "[a]s the distance between a plaintiff's residence and a public accommodation increases, the likelihood of future harm decreases." *Steelman v. Rib Crib No. 18*, 2012 WL 4026686, at *3 (W.D. Mo. Sept. 12, 2012) (citing *Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1163-64 (C.D. Cal. 2005) (stating a distance exceeding 100 miles often weighs against the likelihood of future harm); *Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1373 (M.D. Fla. 2004) (concluding a plaintiff failed to establish a likelihood of future harm in part because he lived 280 miles from accommodation)). Hillesheim argues that while he did live in Nicollet at the time he filed suit, he has since moved to Omaha and lives within fifteen miles of Mobility Motoring. However, as Balance Point stated, standing is determined at the time of the lawsuit's commencement based on the facts as they existed at that time. *See Steger*, 228 F.3d at 892. As such, this factor weighs in

Balance Point's favor, but it is not dispositive. *Miller v. Ataractic Inv. Co., LLC*, 2012 WL 2862883, at *3 n.2 (W.D. Mo. July 11, 2012).

### 2. Past Patronage

Hillesheim admits to having only visited Balance Point's premises once. One court has found, "where a plaintiff visits a public accommodation 'only once, the lack of history of past patronage seems to negate the possibility of future injury at [that] particular location.'" *Brown*, 2010 WL 489531, at *4 (quoting *Disabled Patriots of Am., Inc. v. City of Tenton*, 2008 WL 4416459, at *5 (D.N.J. Sept. 24, 2008)). However, as previously stated, "plaintiff[s] need not engage in the futile gesture of visiting a building containing known barriers that the owner has no intention of remedying, he must at least prove knowledge of the barriers that he would visit the building in the imminent future but for those barriers." *Steger*, 228 F.3d at 891. In this instance Hillesheim visited Balance Point's property and saw the lack of accessible parking, thus establishing a knowledge of the barriers, and he need not engage in the futile gesture of returning to the premises. Moreover, Hillesheim stated he frequently travels to Omaha and would be needing Mobility Motoring's services upon his upcoming move to the city. Thus, this factor weighs in Hillesheim's favor.

### 3. Definitiveness of Plans to Return

Although "[an] ADA plaintiff cannot manufacture standing to sue in a federal court by simply claiming that he intends to return to the Facility," *Brown*, 2010 WL 489531, at *3, an affidavit demonstrating a "real and immediate reason to visit a barrier-free [premises] is all that [is] needed to prevail on this issue." *Id.* at *4. At the commencement of this suit, Hillesheim indicated his intention to return to Mobility Motoring the next time he visited Omaha provided the architectural barriers are removed. He further indicated he was looking for accessible homes in the area and planned on moving to Omaha in June 2017. Mobility Motoring specializes in mobility solutions for handicapped individuals. Given that Hillesheim is paralyzed and requires such services,

6

when coupled with his intention to return to Omaha, he has demonstrated a real and immediate reason to visit Mobility Motoring. As such, this factor also weighs in Hillesheim's favor.

####    4.    Frequency of Travel Near Business

To establish frequency of travel near a business, a plaintiff must allege more than sporadic visits near, or to, the business. *See Steelman*, 2012 WL 4026686, at *4 (holding visits in 2010, 2011, and 2012 absent an allegation of frequency weighed against plaintiff). However, at least one other court has held a plaintiff's allegations of visiting the vicinity once or twice a year was enough to support plaintiff's likelihood to return. *See Miller*, 2012 WL 2862883, at *3 n.2; *see also Betancourt v. 2 Combs Enter. Inc.*, 2011 WL 846849, at *2 (W.D. Mo. Mar. 8, 2011) (holding that plaintiff's travelling twice yearly to where the defendant's business was located supported likelihood of return under the fourth *Brown* factor). Here, Hillesheim alleged he visited Omaha approximately once a year prior to moving there. Upon filing suit, Hillesheim further alleged he expected to travel by Mobility Motoring in the near future, and that when in town he enjoys a nearby restaurant, walks his dog at a nearby park and that the business is close to where he was expecting to, and now does, live.

## III.    CONCLUSION

For the foregoing reasons, the Court finds Hillesheim has standing to sue Balance Point, having shown injury-in-fact. While Hillesheim may not have lived in close proximity to Balance Point's establishment at the commencement of this proceeding, he has pled facts sufficient to establish a connection to the business, definitive plans to return, and frequency of travel near the business.

Having fully reviewed the relevant documents, the Court finds Hillesheim established standing. Accordingly,

IT IS ORDERED:

1. Balance Point Properties, LLC's Motion to Dismiss the First Amended Complaint (Filing No. 18) is denied.

2. Balance Point Properties, LLC shall serve a responsive pleading or other appropriate motion in response to the First Amended Complaint within fourteen days after the date of this Order.

Dated this 18th day of October, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge